IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RADIANCE CAPITAL RECEIVABLES EIGHTEEN, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:16-cv-04280-NKL ) ) |
| MATTHEW JEROME CONCANNON, | ) ) ) |
| Defendant. | ) |

**ORDER**

In this lawsuit, Plaintiff Radiance Capital Receivables Eighteen, LLC seeks payment of the debt of a non-party, from Defendant Matthew Concannon, an alleged guarantor of the debt. Concannon moves to dismiss, arguing that the pleadings are too conclusory to demonstrate standing and fail to state a claim, and that he has defenses. Doc. 4. The motion is denied.

**I.  Facts[1]**

Providence Farms, LLC took out loans from Premier Bank and executed two Promissory Notes that were assignable according to their express language. At the same time, Concannon executed a written Guaranty covering "payment and performance" of every current or future debt Providence Farms owes to Premier Bank, including principal, interest, and collection costs.

---

[1] The facts are taken from the Complaint and documents "contemplated by or expressly mentioned" in the Complaint. *Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013). The Complaint includes allegations about prior litigation in state court, related to the same debts: *CADC/RADC Venture 2011-1, LLC v. Providence Farms, LLC,* no. 13BA-CV01366, Circuit Court of Boone County, Missouri. Thus, filings in the state court case are "contemplated by" Radiance Capital's Complaint.
  For purposes of ruling on the motion dismiss for failure to state a claim, the allegations in the Complaint are accepted as true and liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008). The same standard applies with respect to the standing challenge because it is a facial attack on the Complaint. *See Carlson v. GameStop, Inc.,* 833 F.3d 903, 908 (8th Cir. 2016).

Doc. 1-4, p. 1. The Guaranty states that it was intended "to induce" Premier Bank to make the loans, was "absolute and unconditional," and was assignable without notice to Concannon. *Id.,* pp. 1 and 3. The Notes matured in January 2010, but Providence Farms failed to pay the principal and interest due. As addressed in more detail below, the Notes were allegedly assigned twice: the first time to CADC/RADC Venture 2011-1, LLC, which sued in state court to recover the amounts due on the Notes, and the second time to Radiance Capital.

Specifically, in October 2010, Premier Bank was shut down and the Federal Deposit Insurance Corporation was appointed as receiver. In August 2011, the FDIC executed Allonges to the Notes, providing for their payment to the order of CADC, "without recourse and without representation or warranty…of any kind or nature whatsoever." *See CADC/RADC Venture 2011-1, LLC v. Providence Farms, LLC,* no. 13BA-CV01366, Circuit Court of Boone County, Missouri (Verified Stipulation of Facts by Providence Farms, LLC, filed on 9/24/2014).[2] Radiance Capital pleads that CADC is a "successor-by-assignment" from the FDIC. Doc. 1, p. 2, ¶ 5.

In April 2013, CADC sued Providence Farms, Concannon, and another guarantor in state court. The state court entered a consent judgment in September 2014 in favor of CADC and against Providence Farms for the amounts still due under the Notes, plus interest, and dismissed the claims against Providence Farms with prejudice.[3]

In May 2016, CADC and Radiance Capital executed a Bill of Sale, as Seller and Buyer,

---

[2] The Consent Judgment entered in the state court case, and attached to the Complaint, incorporates the Verified Stipulation by reference. *See* Doc. 1-2, p. 1. The Verified Stipulation is not in the record before the Court, but the Court may take judicial notice of it. *See Hood v. United States,* 152 F.2d 431, 535 (8th Cir. 1946) (district courts may take judicial notice of proceedings in other courts).

[3] CADC later dismissed its claims against Concannon without prejudice.

respectively. Doc. 1-3. The document states that pursuant to the parties' Loan Sale Agreement, CADC:

> [D]oes hereby sell, assign and convey to Buyer, its successors and assigns, all right, title and interest of Seller in and to those certain loans, judgments or evidences of debt described in <u>Schedule "A"</u> attached hereto and made part hereof, including assignment of all Loan Documents, ….

*Id.,* p. 1 (emphasis in original). The Bill of Sale also states that it was executed "without recourse," "representation or warranty of any kind." *Id.* The second page of the document contains a short table:

| SFG-106 | 101900-001-DFJ | PROVIDENCE FARMS LLC | CADC/RADC VENTURE 2011-1, LLC |
|---|---|---|---|

*Id.*, p. 2. Radiance Capital pleads that it is a "successor-by-assignment" from CADC. Doc. 1, p. 2, ¶ 5.

Radiance Capital notified Concannon of the default and demanded payment of all amounts due under the Notes, Guaranty, and judgment, but Concannon has failed to pay. Therefore, Radiance alleges, Concannon has breached the Guaranty.

## II. Discussion

Concannon argues that the Complaint should be dismissed because Radiance Capital's allegations with respect to standing and the FDIC-to-CADC assignment are legal conclusions and thus do not satisfy the *Iqbal* and *Twombly* pleading standards[4], and that Radiance Capital fails to state a guaranty claim. Concannon also adds that he has defenses to assert.

The Federal Rule that governs pleadings requires only that a complaint provide "a short

---

[4] *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

3

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must provide fair notice of the plaintiff's claim and grounds for relief. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (quotations and citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.]" *Id.* (quoting *Twombly,* 550 U.S. at 560)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

### A. Standing

Concannon argues that Radiance has no standing to sue him because its pleadings concerning the chain of assignments of the Promissory Notes includes the mere "conclusory, formulaic recitation" that CADC was a "successor-by-assignment" from the FDIC, and a "conclusory pleading…does not suffice." Doc. 5, p. 2.

In cases that involve a party attempting to recover an amount owed to some other party, "proof of an assignment … is essential to a recovery." *CACH, LLC v. Askew*, 358 S.W.3d 58, 61-62 (Mo. 2012) (citing *Midwestern Health Mgmt., Inc. v. Walker,* 208 S.W.3d 295, 298 (Mo. App. 2006)). "The party must show clearly through a valid assignment [that] it is the rightful owner of the account at issue." *Id.* (citing *C. & W. Asset Acquisition, LLC v. Somogyi,* 136 S.W.3d 134, 140 (Mo. App. 2004)). Where there are multiple assignments, "there must be proof of the validity of assignment every time the rights to collect the debt are transferred" in order for the party trying to collect the debt to demonstrate standing. *Id.* (citing *Mitchell v. St. Louis Argus Pub. Co.,* 459 S.W.2d 1, 5–6 (Mo. App. 1970), and *Walker,* 208 S.W.3d at 298.))

But under Missouri law, "'[n]o particular form of words is necessary to accomplish an

4

assignment, so long as there appears from the circumstances an intention on the one side to assign ... and on the other side to receive.'" *Rabius v. Brandon*, 257 S.W.3d 641, 645 (Mo. App. 2008) (quoting *Keisker v. Farmer,* 90 S.W.3d 71, 74 (Mo. banc 2002)). "[A]ny language, however informal or poorly expressed," that "shows the intention of the owner" of a right to recover a debt or damages on a contract-based cause of action to "clearly and unconditionally" transfer that right, and "sufficiently identifies the subject matter[,] will be sufficient to vest the property therein in the assignee." *Rotert v. Faulkner*, 660 S.W.2d 463, 469 and n.10 (Mo. App. 1983) (quoting *Greater Kansas City Baptist & Cmty. Hosp. Ass'n, Inc. v. Businessmen's Assurance Co.,* 585 S.W.2d 118, 119 (Mo. App. 1979)). Neither the word "assign" nor "assignment" must be used in order to accomplish an assignment. *Businessmen's Assurance,* 585 S.W.2d at 119.

Here, accepting the allegations in the Complaint as true and liberally construing them in the light most favorable to the plaintiff, the Court concludes the Complaint contains sufficient factual matter to plausibly allege a valid assignment of the Notes from the FDIC to CADC. The FDIC executed Allonges to the Notes, providing for payment on the Notes to the order of CADC without recourse, representation or warranty of any kind. In other words, the FDIC intended to transfer the right to payment on the Notes to CADC, clearly and unconditionally. CADC was subsequently able to obtain a judgment in its favor in state court, against Providence Farms, for the amounts still due under the Notes. The circumstances, as alleged, demonstrate the intention of the FDIC to assign and of CADC to receive.

The Complaint further alleges an assignment from CADC to Radiance, and Concannon does not challenge it. Because the Complaint plausibly alleges a chain of valid assignments, the Court rejects Concannon's motion to dismiss for lack of standing.

### B. The Guaranty claim

Concannon argues that Radiance fails to state a Guaranty claim because Radiance "pleads in a conclusory manner the existence of the underlying note that it alleges it holds[,]" and further "pleads in conclusory manner that the underlying note is in default[.]" Doc. 5, pp. 3-4. Concannon suggests that Radiance should have "attach[ed] a copy of the underlying note and plead facts concerning the note and its payment status," rather than rely on the consent judgment attached to the Complaint. *Id.*, p. 4.

To recover under the Guaranty, Radiance Capital must show, among other things, that "there is currently due and owing some amount of money from the debtor to the creditor that the [G]uaranty purports to cover." *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.,* 854 S.W.2d 371, 382 (Mo. 1993). Although Concannon cites no authority demonstrating the Notes were required to be attached to the Complaint, and the Court is aware of no such requirement, the Notes are documents expressly mentioned in the Complaint and are therefore embraced by it. Radiance Capital also expressly identifies and refers to the Notes throughout the Complaint, including in reference to the assignment of the Notes by CADC to Radiance. The Bill of Sale attached to the Complaint also refers to "assignment of all Loan Documents" and refers to "Providence Farms LLC" in describing what is being assigned from CADC to Radiance. Doc. 1-3, pp. 1-2.

Furthermore, the Concannon Guaranty attached to the Complaint states that it covers every current or future debt of Providence Farms, and was intended to induce Premier Bank to make the loans. The Notes matured in January 2010, but Providence Farms failed to pay the principal and interest due. The Complaint alleges, and the consent judgment reflects, that principal and interest were still due on the Notes at the time it was entered. The Complaint

6

further alleges that Radiance has notified Concannon of the amounts due under the Notes, but he has not paid.

The Complaint as a whole contains sufficient allegations that there is currently due and owing some amount of money from Concannon to Radiance that the Guaranty purports to cover. Accordingly, Concannon is not entitled to dismissal of the Guaranty claim.

**C.      Defenses**

Concannon also argues, in two places in the motion to dismiss, that he has defenses to assert.  Doc. 5, pp. 3 and 5. He states that CADC was a "void entity that lacked legal capacity to acquire or transfer the underlying loan." *Id.*, p. 3. He also "contends that the assignment to Radiance was invalid because CADC did not then have any interest to be assigned[.]" *Id.*, p. 5.

An affirmative defense is a defendant's burden to plead and prove, and does not ordinarily provide a ground for dismissal.  *See John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 753 (2008); and *Jessie v. Potter,* 516 F.3d 709, 715, n.2 (8th Cir. 2008).  Concannon does not explain the defenses in any detail, nor explain how they could provide a ground for dismissal at this stage.  And to the extent his arguments depend on matters outside the pleadings, they cannot be addressed in the context of a motion to dismiss.

Accordingly, the defenses do not provide any ground for dismissal.

**III.      Conclusion**

For the reasons discussed above, Defendant Concannon's motion to dismiss, Doc. 4, is denied.

>                                     s/ Nanette K. Laughrey
>                                     NANETTE K. LAUGHREY
>                                     United States District Judge

Dated:   February 6, 2017
Jefferson City, Missouri